**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5083

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEVIN WASHINGTON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, Senior District Judge. (5:05-cr-00251)

Submitted: July 6, 2007               Decided: August 3, 2007

Before MICHAEL, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Washington was convicted by a jury of one count of possession of more than fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000). In accordance with 21 U.S.C. § 841(b)(1)(A) (2000), Washington was sentenced by the district court to life imprisonment without release. Finding no error, we affirm.

On appeal, Washington first contends that the district court abused its discretion in denying his request for a jury instruction on mere presence. The decision whether to give a jury instruction, and the content of that instruction, are reviewed for an abuse of discretion. United States v. Burgos, 55 F.3d 933, 935 (4th Cir. 1995). "This court reviews jury instructions in their entirety and as part of the whole trial" to determine "'whether the court adequately instructed the jury on the elements of the offense and the accused's defenses.'" United States v. Bostian, 59 F.3d 474, 480 (4th Cir. 1995) (quoting United States v. Fowler, 932 F.2d 306, 317 (4th Cir. 1991)).

Thus, a district court's refusal to provide a requested instruction will only constitute reversible error "if the instruction: '(1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct

his defense.'" United States v. Lewis, 53 F.3d 29, 32 (4th Cir. 1995) (quoting United States v. Camejo, 929 F.2d 610, 614 (11th Cir. 1991)).

Based on the evidence presented at trial, we conclude an instruction on mere presence was not warranted. The district court's jury instructions, viewed in their entirety, adequately addressed the elements of the offense and relevant definitions. Therefore, the district court did not abuse its discretion in refusing to give the requested instruction.

Next, Washington contends his sentence violates the Sixth Amendment because his prior convictions were found by the district court rather than submitted to a jury. However, as Washington concedes, his argument is foreclosed by United States v. Smith, 451 F.3d 209, 224 (4th Cir.), cert. denied, 127 S. Ct. 197 (2006), which determined that "[b]ecause [21 U.S.C. § 851 (2000)] permits judicial factfinding on a defendant's prior convictions, it falls within the prior conviction exception" to the defendant's Sixth Amendment right to trial by jury. Moreover, we have consistently held that a district court may enhance a sentence based on the "fact of a prior conviction" regardless of whether or not it was admitted to by the defendant or found by a jury. United States v. Thompson, 421 F.3d 278, 282 (4th Cir. 2005), cert. denied, 126 S. Ct. 1463 (2006).

Washington finally contends that his sentence of life imprisonment without release under § 841(b)(1)(A) violates the Eighth Amendment because it is disproportionate to the offense committed and deprives him of his right to an individualized sentence. As conceded by Washington, we have previously considered and rejected a similar challenge in United States v. Kratsas, 45 F.3d 63 (4th Cir. 1995). In Kratsas, we applied the three-part test of Solem v. Helm, 463 U.S. 277 (1983),[*] which examines: "(1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions." Kratsas, 45 F.3d at 66.

Under the first prong of the Solem test, it is clear that the gravity of Washington's offense is great. He was not only found to have possessed with the intent to distribute more than fifty grams of cocaine base in the instant offense, but has also been previously convicted of four felony drug offenses. As to the second and third prongs of the Solem test, this court has previously held that a life sentence without release for a major drug violation is not disproportionate in comparison with other

_____

[*]Though the applicability of the Solem test was called into some doubt by the three separate and somewhat conflicting opinions issued by the Supreme Court in Harmelin v. Michigan, 501 U.S. 957 (1991) (plurality opinion), this court has continued to apply the Solem test in conducting proportionality review. See Kratsas, 45 F.3d at 67.

sentences under the Guidelines or sentences imposed by states within the Fourth Circuit.  See id. at 68; see also United States v. D'Anjou, 16 F.3d 604, 613 (4th Cir. 1994).  Thus, we conclude Washington's sentence is not constitutionally disproportionate. Moreover, we conclude Washington's contention that the mandatory nature of his sentence renders it unconstitutional is unavailing under this court's precedent.  See Kratsas, 45 F.3d at 69; see also D'Anjou, 16 F.3d at 613.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED